# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CR-20-249-F-2 |
| | ) |
| VERNON ALBERT STRICKLER, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On January 27, 2023, defendant Vernon Albert Strickler filed a *pro se* motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He requested compassionate release based on his age (62 years old), his medical conditions (bladder cancer, third stage kidney failure, gallstones, asthma, and hypertension), his clean conduct, and his active participation in the Bureau of Prisons programming. On February 28, 2023, the court entered an order (doc. no. 187) denying the motion, finding that the factors in 18 U.S.C. § 3553(a) weighed against compassionate release. In discussing those factors, the court acknowledged that defendant had undergone surgery to treat bladder cancer in 2022 and it appeared to have been successful. Although acknowledging the bladder cancer and other medical conditions supported by the record[1] and managed by the Bureau of Prisons, as well as defendant's clean disciplinary record and rehabilitation, the court found that the factors did not support a reduction in sentence or compassionate release. The court specifically concluded that "a prison sentence

---

[1] Defendant's assertion of third stage kidney failure was not supported by medical records.

longer than defendant has served to date is necessary to reflect the seriousness of defendant's drug conspiracy offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant." Doc. no. 187, ECF p. 6.

The court has received another *pro se* motion for reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant states that "during a recent surveillance [cystoscopy] performed recently, within the last 6 months after the first surgery, it was discovered that [the] bladder cancer has returned." According to defendant, he has missed three medical appointments with a specialist due to "staff's negligence and understaffing" and that his scheduled surgery was cancelled due to a late arrival. Defendant further states that he is classified at a "Care Level 3, Unstable, Complex Chronic Care." Doc. no. 188, ECF p. 2.

The government in response[2] has submitted defendant's medical records which indicate that after defendant submitted the present motion, a transurethral resection of bladder tumor (TURBT) procedure was performed. The "tumor was resected in its entirety" and "[t]here were no apparent complications." Doc. no. 194-2, ECF p. 70-71. Thus, the TURBT procedure appears to have been successful.

Because defendant's bladder tumor has been successfully removed, defendant's circumstances are not substantially different from when the court issued

---

[2] A § 3582(c)(1)(A)(i) motion for reduction of sentence or compassionate release may be filed by a defendant "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The prefiling administrative exhaustion requirement is not jurisdictional. Instead, it is a mandatory claim-processing rule subject to waiver. United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021). In response, the government takes the position that defendant has satisfied the prefiling administrative exhaustion requirement.

its February ruling.³  The court finds no reason to change its analysis.  The court continues to conclude that the § 3553(a) factors weigh against compassionate release.  The court therefore adopts its prior analysis with respect to those factors.  Doc. no. 187, ECF pp. 4-6.  While the court acknowledges defendant's history of bladder cancer and the possibility that the bladder cancer may recur, defendant's other managed medical conditions, and defendant's clean disciplinary record and rehabilitation, the court finds that such circumstances do not weigh in favor of a reduction in sentence or compassionate release.  Consequently, the court concludes that a reduction in sentence or compassionate release pursuant to section 3582(c)(1)(A)(i) is not appropriate.  United States v. Creighton, 2023 WL 2669750, at *4 (10th Cir. Mar. 29, 2023) (district court may deny a motion for sentence reduction when the § 3553(a) factors do not warrant a reduction or release) (unpublished opinion cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Accordingly, defendant Vernon Albert Strickler's motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. no. 188) is **DENIED**.

IT IS SO ORDERED this 6th day of July, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0249p043 (Strickler).docx

---

³ At the time of the court's ruling, defendant was 62 years old.  He is now 63 years old.  In its prior order, the court acknowledged defendant would soon be turning 63 years old.