# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-20-249-2-F |
| | ) |
| VERNON ALBERT STRICKLER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Vernon Albert Strickler, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A).[1]  Doc. no. 198.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 202.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 of the Superseding Information charging a drug conspiracy in violation of 21 U.S.C. § 846. The Probation Office prepared a presentence investigation report, which calculated defendant's base offense level at 32.  Applying a three-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, defendant's total offense level was 29.

Based on his criminal history, defendant was assessed a criminal history score of 15.  Because defendant committed the drug conspiracy offense while under a

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d) for a total criminal history score of 17. A total criminal history score of 17 established a criminal history category of VI. With a total offense level of 29 and a criminal history category of VI, defendant's advisory guideline imprisonment range was 151 to 188 months.

At sentencing, the court adopted the presentence investigation report with one change. Because of stipulations in the plea agreement regarding drug weight, which the court adopted, defendant's base level offense was changed to 30 and the total offense level was changed to 27. With a total offense level of 27 and a criminal history category of VI, defendant's advisory guideline imprisonment range was 130 to 162 months. The court sentenced defendant to a term of imprisonment of 146 months. Judgment was entered on December 1, 2021. Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Amendment 821 (Part A), which was effective November 1, 2023 and has retroactive application, because he was assessed two additional criminal history points (status points) for committing his federal drug conspiracy offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 200), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part A).

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A of Amendment 821, defendant's status points would be decreased by one point, resulting in defendant having a total of 16 criminal history points. With a total criminal history score of 16, defendant's criminal history category would remain at criminal history category VI. As a result, defendant's guideline range would remain the same—130 to 162 months. Because defendant's guideline range is not impacted by Amendment 821(Part A), defendant is not eligible for the requested relief.[2]

Although not clear, it appears that defendant may also be requesting a motion for reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to his medical conditions. On two prior occasions, defendant

---

[2] And given that defendant is not eligible for relief under Amendment 821 (Part A), the court concludes that defendant's request for appointment of counsel should be and is hereby **DENIED**.

has requested a reduction of sentence or compassionate release based on his medical conditions, which the court has denied. *See*, orders (doc. nos. 187 and 195). Defendant has not provided sufficient reason to warrant a reconsideration of those decisions. The court sees no reason to change its analyses.

Accordingly, defendant Vernon Albert Strickler's motion for reduction of sentence (doc. no. 198) is **DISMISSED**.

IT IS SO ORDERED this 28th day of December, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0249p044 (Strickler).docx